ANNIE M. HEGENMYER and another *vs.* BENNETT D. MARKS.

May 12, 1887.

Real-Estate Agent—Fraud on Principal—Purchaser with Notice—Rescission of Sale.—H., an owner of a piece of land, authorized C. to sell it so that it should bring a specified net sum to her; he to have, for making the sale, all above that sum for which he might sell. *Held*, that it was his duty, upon afterwards learning of a fact in the condition of the land increasing its value, and of which she was ignorant when she authorized him to sell, to inform her of the fact; and a sale by him on the basis of the sum fixed, without so informing her, was a fraud.

Same—Fraud of Purchaser.—*Also held*, that on such a sale, the purchaser knowing of the fraud, the owner, in order to rescind the sale, need tender a return of only what she received, and need not tender a return of what C. received and retained.

Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried by *Lochren,* J., without a jury.

*Fish & Evans* and *J. C. Worrall*, for appellant, cited *Dambmann* v. *Schulting*, 75 N. Y. 55; *Anderson* v. *Weiser*, 24 Iowa, 428; *Fox* v. *Mackreth*, 2 Bro. C. C. 400, 420; *Morgan* v. *Elford*, L. R. 4 Ch. Div. 352.

*M. H. Sessions*, for respondent.

GILFILLAN, C. J.    The plaintiff owned a lot of land in Minneapolis. One Creigh was a real-estate broker, and at his request she employed and authorized him to sell the lot to any one who would purchase it at such sum as would net her $1,050; Creigh to receive as his compensation whatever he could get for the lot in excess of $1,050. At the time of such employing, he (believing it to be true) represented

to her, and she believed, that $1,050 was the fair market value of the lot. Both of them supposed the lot to be entirely vacant; but a third person, owning the adjoining lot, had by mistake constructed on her lot, thinking it was his, a valuable house and barn in such manner that they were part of the realty. Neither plaintiff nor Creigh knew anything of this at the time of the employing. With the buildings the lot was worth over $3,000. Creigh learned of it before making a sale, but did not disclose it to plaintiff. He sold the lot to defendant for $1,150; the latter knowing of the buildings on the lot, and knowing that Creigh knew and that plaintiff was ignorant of the fact. Of the $1,150, $450 was paid in cash,—plaintiff receiving $350 and Creigh $100,—and $700 was secured by defendant's note to plaintiff and his mortgage on the lot. Upon learning of the facts, plaintiff tendered to defendant the $350, with interest, and the note and mortgage, and demanded a reconveyance of the lot, which defendant refused. The action is to rescind the sale and conveyance. The court below decided in favor of plaintiff.

The decision of the court below proceeds on the propositions—*First*, that it was the duty of Creigh, upon learning of the buildings being upon the lot, to communicate that fact to plaintiff, and that by selling the lot without disclosing that fact, at a price which he knew she had put upon it in ignorance of that fact, he committed a fraud upon her; and, *second*, that defendant, by purchasing with notice of Creigh's fraud, became a party to it. If the first proposition be correct, the second follows as a necessary consequence.

The case turns upon whether it was the duty of Creigh, before making a sale, to disclose what he had learned to his principal. Upon this contract of agency, my brethren are of opinion (though it is not mine) that when Creigh learned a fact affecting the value of the property, and of which fact he knew she was ignorant when she fixed the price, and if he had reason to believe that, had she known the fact, she would have fixed a higher price, (as in this case she undoubtedly would,) then good faith towards his principal required of him, and it was his legal duty, to disclose the fact to her before he proceeded to sell, so that she might, if so disposed, fix the selling price in accordance with the actual condition of things. This being so, his selling

upon the basis of the price first fixed, without disclosing to her the fact he had learned, was of course a fraud on her.

The tender was sufficient. Defendant and Creigh were parties to the fraud on plaintiff, by which Creigh, one of the parties, received (in effect) from defendant, the other party to it, $100. No consideration of equity or morality would require of plaintiff to make that good either to Creigh or defendant. All that can be required of her as a condition of her repudiating the transaction imposed on her by the fraud of Creigh and defendant is to restore what (in ignorance of the facts) she received in the transaction.

Judgment affirmed.