## CITY OF ST. PAUL *vs.* D. J. HENNESSY.

### December 27, 1887.

**Criminal Law — Unsafe Building — Complaint.**—Under a criminal statute, relating to buildings which are unsafe "so as to endanger life," a complaint in a criminal proceeding, alleging a building to be "dangerous, having been heretofore damaged by fire," is insufficient.

**Same.**—Neither is such a complaint sufficient under a statute relating to buildings which are "specially dangerous in case of fire."

The defendant was arrested and brought before the municipal court of St. Paul, upon a complaint issued under the provisions of Sp. Laws 1887, *c.* 343. The complaint merely alleged that the defendant "did wrongfully, unlawfully, and in violation of an act of the legislature, * * * being the owner of a certain frame building, known as the St. Thomas Hotel, which is dangerous, having been heretofore damaged by fire, and is situate on the east side of Rosabel street in block one, Hopkins' addition to St. Paul, fail and neglect to cause the same to be removed, after being notified and requested to remove the same by the building inspector of said city, contrary," etc. The defendant duly objected to the complaint as insufficient, but the objection was overruled, and the defendant was tried, convicted, and fined $20. Thereupon the defendant caused the action to be brought before this court for review by writ of *certiorari*, under the rule of *Tierney* v. *Dodge*, 9 Minn. 153, (166,) and *City of St. Paul* v. *Marvin*, 16 Minn. 91, (102.)

*Young & Lightner*, for defendant.

*W. P. Murray* and *T. D. O'Brien*, for plaintiff.

DICKINSON, J. The complaint was insufficient to justify a criminal prosecution under the act upon which the prosecution was founded, Sp. Laws 1887, *c.* 343. To present a case within the terms of section 25, the building must be "unsafe so as to endanger life." In this complaint the building is only alleged to be "dangerous, having been heretofore damaged by fire." The nature of the danger is not disclosed, nor, if the peril related to persons, and not to property, is

it alleged to have been such as to "endanger life." The only other sections of the act defining the crime and providing for its punishment are the 26th and 27th. The former declares that "every building which shall appear to the inspector to be specially dangerous in case of fire * * * shall be held to be unsafe." Section 27 prescribes the penalty to be imposed upon the owner or party having an interest in "the unsafe building or structure mentioned in the two preceding sections," for neglect to remove the same. The complaint is insufficient under section 26, for this reason, at least, that it does not appear that the building is dangerous "in case of fire." So far as appears by the complaint, the only danger may have been that the building might be prostrated by the wind, to the injury of adjacent property.

Judgment reversed.