ALMON N. BARRINGER and another *vs.* JACOB STOLTZ.

July 3, 1888.

**Review of Evidence—Motion for New Trial Requisite.**—The sufficiency of the evidence to sustain a verdict will not be considered upon appeal, unless a motion for a new trial has been passed upon in the court below. Following *Byrne* v. *Minn. & St. Louis Ry. Co.*, 29 Minn. 200.

**Real-Estate Broker—Commissions.**—Testimony in this case, when plaintiff rested, examined, and *held* sufficient to justify the court in refusing to dismiss upon defendant's motion.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Wilkin*, J., and a jury.

*C. D. & Thos. D. O'Brien*, for appellant.

*E. M. Card* and *Lusk & Bunn*, for respondents.

COLLINS, J. Action to recover commissions alleged to have been earned by plaintiffs as real-estate brokers, in the sale of property belonging to defendant. Upon a trial before a jury, plaintiffs had a verdict. A case was then duly made and settled, judgment entered for the amount of the verdict, with interest, etc., and from the judgment defendant appeals. Four distinct assignments of error are specified in appellant's brief, the first of which, that the verdict is not justified by the evidence, cannot avail, because no motion for a new trial has been made in the court below. Unless this be done the sufficiency of the evidence to support the verdict will not be considered upon appeal. *Byrne* v. *Minn. & St. Louis Ry. Co.*, 29 Minn. 200, (12 N. W. Rep. 698.)

The settled case shows that when the testimony was all in, defendant "renewed" his motion for a verdict, which motion was denied by the court. No exception seems to have been taken to the ruling, nor do we find from the record that such a motion had previously been made, nor do we discover that defendant submitted any requests, or that any prayed for by him were refused. We assume, then, that the third and fourth assignments relate to the refusal of

the court to dismiss when plaintiff rested, and, if so, both are disposed of while commenting upon the second.

The principal issue submitted to the jury was, as stated by the learned court in its charge, whether plaintiffs had been, as they insisted, employed or authorized by defendant to sell his land. It was conceded that they had procured a purchaser, able and willing to buy; but defendant, by his answer and as a witness, emphatically denied the authority or employment. This contention was decided by the jury in plaintiffs' favor. The appellant now argues that plaintiffs failed to make out a case, because their testimony showed a manifest and unequivocal breach of that good faith and legal duty towards defendant essential to a recovery of commissions from him, citing *Hegenmyer* v. *Marks*, 37 Minn. 6, (32 N. W. Rep. 785,) and other cases, in some of which it is held that when an agent employed to sell real estate conceals a material fact affecting the value of the property from his principal, he perpetrates a fraud, and for that reason is not entitled to compensation. Without undertaking to establish a rule upon the subject, and without reciting the testimony, it serves the purposes here to state that, admitting defendant's claim that plaintiffs drove the would-be purchaser to the land, and fixed a price upon it, before they had obtained from defendant a figure at which he would sell, or authority to sell, it does not indicate that they concealed from him a fact in regard to its value; nor does it tend to show the perpetration of a fraud by them. The defendant, without any unfair practices, and with deliberation, determined the net price per acre, and the terms upon which he would sell, knowing, of course, that plaintiffs' compensation depended upon their exertions,—their ability to sell for more than he was willing to take. At this time no offer had been made to them; they were not certain that Ward would buy at their price; in fact he had insisted that the property was held too high, and, so claiming, did not close the bargain until several days after plaintiffs were authorized to sell, and a net figure of $1,120 per acre put upon the property by defendant. There was no concealment of anything materially affecting his interests when the price per acre which would satisfy him was given plaintiffs, and there was no restriction upon the

authority granted them to find a purchaser at any sum per acre, so long as they secured to defendant his price.

Judgment affirmed.

NOTE. A motion for reargument of this case was denied August 15, 1888.