LYDIA A. TILLENY *vs.* JACOB A. WOLVERTON and another.

June 3, 1891.

**Purchase by Agent Employed to Sell—Remedy of Principal.**—Where an agent to sell property becomes the purchaser in fact at a sale made by himself, the sale is *prima facie* voidable by the principal, and to sustain it the agent must prove the facts that make it valid, as that with full knowledge of its character and of all the facts the principal consented to it.

**Same—Purchase at Price Named by Principal.**—The fact that the agent purchased at the price at which he was authorized to sell will not make the transaction valid.

**Same—Resale by Agent—Principal's Right to Profit.**—If, while the sale is voidable, the agent resells at an increased price, the principal may require him to account for what he received on the resale.

Plaintiff brought this action in the district court for Hennepin county, to recover $65,000, the profit alleged to have been realized on the resale, by defendants and their associates, of the property purchased by them of plaintiff as stated in the opinion. At the trial, before *Lochren,* J., the plaintiff rested her case without evidence of her want of knowledge of defendants' interest in the original purchase, or that she was deceived on that point. The court held that

the burden was on plaintiff, and, on defendants' motion, ordered a dismissal. The plaintiff appeals from an order refusing a new trial.

*C. H. Rossman,* for appellant.

*Koon, Whelan & Bennett,* for respondents.

GILFILLAN, C. J. These facts substantially appear by the pleadings: The plaintiff, being the owner of certain real estate, made the defendants her agents to sell the same at the price of $35,000, she agreeing to pay them a commission of 2½ per cent. for making a sale; that while such agents, the defendants made a sale at said price to Jewett, Keith, Johnson, and themselves, with the understanding that the title should be taken for the benefit of all by Jewett, and that he should execute his notes and mortgage for the deferred payments; that upon such sale the plaintiff executed the conveyance to Jewett, and he executed the notes and mortgage for the deferred payments, and plaintiff thereupon paid defendants the agreed commission for making the sale; and that within a year after the conveyance to Jewett, he, for the benefit of himself, Keith, Johnson, and defendants, sold and conveyed the land to one Anderson for $80,000. The defendants, in their brief, endeavor to show that their answer denies that they made the sale upon which the conveyance to Jewett was made. We cannot so understand the answer. It alleges that they agreed to take an interest in the purchase *for the purpose of effecting said sale,* and that thereupon Jewett entered into negotiations with plaintiff for the purpose of closing up *said sale* and fixing upon the terms of the purchase, and that plaintiff paid them the full amount of the agreed commissions for their services in *effecting said sale;* from which it is manifest that they made the sale, although they may have left some of the terms of payment to be agreed on between Jewett, their co-purchaser, and the plaintiff. It is therefore a case where agents employed to sell property, upon a sale made wholly or in part by them, have become themselves the purchasers; have, apparently at least, placed their duty to their principal in conflict with their self-interest.

It is an inflexible rule, founded on public policy, that such a transaction shall not be permitted to stand as against the principal, un-

less it appears that with full knowledge of all the facts he either previously consented to or subsequently ratified it. This rule is not questioned. The only question in the case is, upon whom is the burden of proof that the principal had or had not such knowledge? Ordinarily, where relief is sought on the ground of fraud, the party alleging must prove it. But fraud in fact need not be alleged nor shown to avoid such a transaction as this. In *Baldwin* v. *Allison*, 4 Minn. 11, (25,) a case of alleged purchase of trust property by a trustee, the court, after stating the rule, said: "There is no rule more thoroughly settled than this one, and it requires only the fact of such a purchase to have been made to avoid the sale. No fraud in fact need be shown by the *cestui que trust*, and no excuse will be heard from the trustee to justify the act. The fact established, and the result inevitably follows." Such a purchase is *prima facie* voidable by the *cestui que trust* or principal, and it rests with the trustee or agent seeking to sustain it to establish the facts that take it out of the general rule and make it valid. Kerr, Frauds, 157; *Rubidoex* v. *Parks*, 48 Cal. 215. , The fact that the agents were authorized to sell at a fixed price, and that they did sell at that price, does not remove the case from the rule. *Webb* v. *Paxton*, 36 Minn. 532, (32 N. W. Rep. 749;) *Porter* v. *Woodruff*, 36 N. J. Eq. 174. It does not follow that in such case the agent owes no duty to the principal other than to sell at the price fixed. As, if before a sale is made, the land, to the knowledge of the agent, is greatly increased in value, or if he learns of a fact increasing the value, not known to the principal at the time of fixing the price, (*Hegenmyer* v. *Marks*, 37 Minn. 6, 32 N. W. Rep. 785;) or if, before selling at the fixed price, he should receive an offer of a larger price, no one would suppose that the agent might sell at the fixed price without informing the principal of what had come to his knowledge. If, while the sale is voidable by the principal, the agent sells or causes the property to be sold at an increase above the price at which he purchased, the principal may require him to account for what he received. Otherwise the remedy of the principal might be impaired by the act of the agent.

Order reversed.