(Opinion published 52 N. W. Rep. 908.)

---

LYDIA A. TILLENY *vs.* JACOB A. WOLVERTON *et al.*

Argued June 27, 1892.   Decided July 12, 1892.

**Evidence Examined.**
>    Evidence *held* to sustain the findings of fact.

**A Husband's Knowledge is his Wife's also, if he is her Agent.**
>    Where a husband is his wife's agent, not merely to employ another agent to sell, but in general charge of selling, her real estate, his knowledge of who the purchasers are is her knowledge, also.

Appeal by plaintiff, Lydia A. Tilleny, from an order of the District Court of Hennepin County, *Lochren,* J., made February 27, 1892, denying her motion for a new trial.

On April 30, 1886, plaintiff owned one hundred and twelve and a half acres of land in the southern part of the City of Minneapolis, and had employed the defendants Jacob A. Wolverton and Frank B. Lewis, as her agents to sell one hundred acres of it for her, agreeing to pay them a commission of two and a half per cent. On that day they discovered as possible purchasers thereof Frank W. Jewett, Henrietta P. Keith and Sarah Johnson at plaintiff's price of $35,-000, but on the condition that defendants would take an undivided one-fourth interest in the purchase with them. To this the defendants agreed, and they notified plaintiff's husband, Lazarus Tilleny, thereof. He was acting for her in the matter as her agent to con er with and instruct the defendants in the conduct of the business. Defendants then told the husband that to induce Jewett and his party to make the purchase the defendants had agreed to take an undivided one-fourth interest in it with them. After receiving this information plaintiff and her husband on June 9, 1886, completed the sale and made a deed of the one hundred acres to Jewett, who took the title for convenience, and for the use and benefit of all the persons interested in the purchase. Plaintiff paid defendants their commission of $875 and surrendered possession of the land.

On April 17, 1887, the purchasers sold, and at their request, Jewett conveyed the land to Josiah M. Anderson for $80,000. This action was commenced by Mrs. Tilleny in 1890, to recover the profit realized on the resale. She claimed she had no notice that her agents were interested in the purchase and her husband denied that defendants told him of their interest. On the first trial she was defeated and appealed to this court and obtained a new trial. *Tilleny* v. *Wolverton,* 46 Minn. 256. The second trial was had November 10, 1891. Findings were filed and judgment ordered for defendants. Plaintiff moved for another trial, but was denied and again appealed.

*C. H. Rossman,* for appellant.

The law prohibits a party from purchasing on his own account, that which his duty or trust requires him to sell on account of another. He is not allowed to unite the two opposite characters of buyer and seller, because his interests when he is buyer or seller on

his own account directly conflict with those of the person on whose account he buys or sells. *Michoud* v. *Girod*, 4 How. 503; *Porter* v. *Woodruff*, 36 N. J. Eq. 176; *King* v. *Remington*, 36 Minn. 15; *Stewart* v. *Mather*, 32 Wis. 344.

The trial court finds that after Jewett and plaintiff had agreed upon the terms of the sale, she and her husband were informed by the defendant, and had full notice and knowledge that defendants were to have an undivided one-fourth interest in the purchase. There is no evidence in the case to warrant this finding of fact, and both she and her husband testify that they had no such information, notice or knowledge. It was contended by the defendants and held by the trial court that the knowledge of and notice to her husband was the knowledge of and notice to plaintiff. By reason of the statutory prohibition, the relation of principal and agent cannot exist between the husband and wife with reference to conveying the real estate of either. *Fall* v. *Moore*, 45 Minn. 515; *Sanford* v. *Johnson*, 24 Minn. 172.

As the husband did not sell her lands, and had no authority to sell, and could have none, any knowledge or information that he may have had, that defendants were violating their trust and duty towards her, not being within the scope of his authority, cannot be construed as being notice to, or knowledge of, plaintiff. If Lazarus Tilleny could not bind plaintiff by contract, he could not bind her by estoppel or by notice. Wharton, Agency, § 178.

If the respondents trusted Lazarus Tilleny to convey to their principal knowledge of the fact of their purchasing they made him their agent, and if he failed in his duty to them, they, and not appellant, must take the consequences of that neglect. They have the burden of showing that the knowledge reached her.

*Koon, Whelan & Bennett*, for respondents.

The agent in whose hands property has been placed for sale may purchase the same of his principal, if it appears that such principal with full knowledge of all the facts, either previously consented to such purchase, or subsequently ratified it. And such consent or ratification may be inferred from the conduct of the principal, and

from his silent acquiescence for a considerable time after notice of the agent's interest in the purchase. Story, Agency, § 210; *Francis* 'v. *Kerker*, 85 Ill. 190; *Walworth Co. Bank* v. *Farmers' Loan & Trust Co.*, 16 Wis. 629; *Marsh* v. *Whitmore*, 21 Wall. 178; *Hoyt* v. *Latham*, 143 U. S. 553; *Twin-Lick Oil Co.* v. *Marbury*, 91 U. S. 587.

The statute provides that no power of attorney or other authority from the wife to the husband to convey real estate or any interest therein shall be of any force, but in relation to all other subjects either may be constituted the agent of the other, as fully as if the relation of husband and wife did not exist. With the single exception of a power to convey real estate, a married woman may appoint her husband her agent for any and all purposes, and it follows that the law as to notice to and knowledge of agents generally, would apply to such agent. *Dobbin* v. *Cordiner*, 41 Minn. 165; *Reed* v. *Morton*, 24 Neb. 760; *Knappen* v. *Freeman*, 47 Minn. 491; *Jones* v. *Bliss*, 48 Minn. 307; *Dayton* v. *Nell*, 43 Minn. 246.

All the matters with the single exception of the power of conveyance were within the scope of the husband's power and a part of his duty toward his principal. Notice to him and knowledge by him of facts relating to those matters were notice to his wife, his principal, the same as notice to or knowledge by any other agent. Stewart, Husband & Wife, § 84; Story, Agency, § 11; *Toledo, W. & W. Ry. Co.* v. *Brooks*, 81 Ill. 292.

This knowledge or notice need not be received by the agent while acting in the business of the principal, but it is sufficient if he had it in mind when he subsequently acted for the principal. And if the agent acquired the information so recently as to make it incredible that he should have forgotten it, the principal will be bound. *Distilled Spirits*, 11 Wall. 356; Wade, Notice, § 687; *Wilson* v. *Minnesota Farmers' Mut. Fire Ins. Assn.*, 36 Minn. 112; *Lebanon Savings Bank* v. *Hollenbeck*, 29 Minn. 322.

GILFILLAN, C. J. When this case was here before, (46 Minn. 256, 48 N. W. Rep. 908,) it was held to be one for the application of the rule that an agent authorized to sell property cannot, in a sale made

by himself, be the purchaser, so as to hold the property as against his principal, unless it appears that the latter, with full knowledge of all the facts, either previously consented to or subsequently ratified the transaction; and that to sustain such a sale the agent must prove such knowledge and consent or ratification.

The defendants were plaintiff's agents to sell the real estate and they, with one Jewett, one Keith, and one Johnson, became the purchasers, the defendants negotiating the sale at a price given them by plaintiff; but the conveyance from her was taken—for convenience, as claimed—to Jewett alone.

The court below found on the second trial that before the conveyance the plaintiff and her husband—then her agent in the matter— were fully informed that defendants were interested in the purchase, and to what extent, and consented thereto. The evidence fully sustains that finding. It appears from the evidence that plaintiff's husband was, and acted as, her agent, not only to employ the defendants to make the sale, but with general charge and supervision of the matter, as fully as she might herself have exercised personally. So that his knowledge of who were the purchasers was her knowledge, also. He was in no respect a mere coagent with defendants, but stood rather as plaintiff's *alter ego*. This disposes of several of the assignments of error. All the material findings of fact are sustained by the evidence.

There is nothing requiring special notice, in any assignment of of error, other than those covered by the above.

Order affirmed.

(Opinion published 52 N. W. Rep. 909.)

An application for reargument was denied October 4, 1892.