COOPER, et al, Appellants, v. BURCHETT, et al, Respondents

(279 N. W. 598.)

(File No. 8116.   Opinion filed May 6, 1938.)

*John T. Milek,* of Sturgis, for Appellants.
*Francis J. Parker,* of Deadwood, for Respondents.

RUDOLPH, J.   The defendant W. R. Burchett was appointed and qualified as administrator of the estate of Barbara V. Storey, deceased, on the 23d day of July, 1931.   Among the assets of the estate was certain real property located in Lawrence county.   Certain claims against the estate were allowed, and thereafter the administrator petitioned the county court to sell the real property for the purpose of paying claims against the estate.   An order authorizing the sale was made by the county court, and thereafter an appeal was taken to the circuit court of Lawrence county, and the circuit court in effect affirmed the order of the county court authorizing the administrator to sell the real property belonging to the estate at private sale.   Purporting to act under this order, the administrator sold the real property to the defendant Ellanore I. Burchett, his wife.   This action is brought by certain heirs of the

said Barbara V. Storey to set aside the sale of the real property by this administrator to his wife. No rights of innocent third persons are involved.

Section 3462, R. C. 1919, in part, provides as follows: "An action to set aside the sale may be instituted and maintained at any time within three years from the discovery of the fraud or other grounds upon which the action is based." The above-quoted section of our Code refers specifically to sales made by administrators under an order of the county court. The present action was commenced within the time allowed by statute, and we are of the opinion it is maintainable under this statute. This statute does not extend the time of appeal from a decree of the county court, or create a remedy not recognized as a ground of equitable interference prior to its enactment. Kranz v. Tavis, 49 N. D. 553, 192 N. W. 176. However, the present action, in so far as here material, is one based on constructive fraud, a generally recognized subject of equitable jurisdiction. Pomeroy, Equity Jurisprudence, 4th Ed., § IV—Constructive Fraud. It should, perhaps, be pointed out that this is a proceeding directly attacking the sale, and is not a collateral attack similar to the attacks made in the case of Blackman v. Mulhall, 19 S. D. 534, 104 N. W. 250, or Equitable Life Assurance Society v. Lunning, 64 S. D. 168, 265 N. W. 876.

The question presented is whether an administrator of an estate may lawfully sell real property belonging to the estate to his wife. Section 3454, R. C. 1919, provides as follows: "No executor or administrator may, directly or indirectly, purchase any property of the estate he represents, nor may he be interested in any sale." The specific question presented is whether an administrator might be said to be interested in a sale made to his wife, within the meaning of section 3454. The clear purpose and object of the enactment of this provision of our Code was to deny to a designing administrator one opportunity, at least, of plundering or exploiting the trust which he represents. However, we do not believe that it was intended to make sales in violation of this statute absolutely void, but simply voidable at the election of interested parties when an action might be maintained under the provisions of section 3462, R. C. 1919. See Annotation 111 A. L. R. 1362.

Oklahoma has a statute similar to our section 3454; comment-

ing thereon the Oklahoma court in a well-considered opinion in the case of Burton v. Compton, 50 Okl. 365, 150 P. 1080, 1081, said:

"The first proposition is before this court for the first time. Yet it is an old question, and has been passed upon repeatedly. And as far as we know, Indiana stands alone in upholding such deeds. In 1781, long before there was any statute upon the subject, Lord Chancellor Thurlow of England, in Fox v. Mackreth, 2 Leading Cases in Equity (White and Tudor) 722, held: 'That trustees expose themselves to great peril in allowing their own relatives to intervene in any matter connected with the execution of the trust; for the suspicion which that circumstance is calculated to excite, where there is any other fact to confirm it, is one which it would require a very strong case to remove.' And he says, in substance, that the rule rests upon public policy, and such a purchase will not be permitted in any case, however honest the circumstances; for the general interest of public justice requires it to be destroyed in every instance, and that: 'From general policy and not from any peculiar imputation of fraud, a trustee shall remain a trustee to all intents and purposes.' And our statute (section 6409, Revised Laws 1910 [58 Okl. St. Ann. § 496]) says: 'No executor or administrator must directly or indirectly, purchase any property of the estate he represents, nor must he be interested in any sale.'

"But the defendant (plaintiff in error) insists that this transaction was free from fraud, and that the price paid was adequate. That might all be true in this particular case, but the law looks beyond the circumstances of any individual case; for as said in Frazier v. Jeakins, 64 Kan. 615, 68 P. 24, 57 L. R. A. 575: 'The opportunities which are open to an unfaithful trustee to advantage himself out of the trust estate are so many and so tempting, and the condition of the beneficiary in the trust ordinarily so help-less and confiding, that the law gives warning in advance against all transactions out of which it is possible for the former to make gain at the expense of the latter.' And for this reason the Legislature has fixed this statutory rule which removes both the temptation and opportunity to do wrong. And the courts can make no distinction in the application of the rule between the honest and the dishonest. And whether the transaction be free from fraud or not is immaterial to the issue in the case. It is a transaction prohib-

ited by the statute and condemned by public policy. And the fact that the common-law disabilities of the wife have been removed, and under our statutes she is a feme sole and can buy and sell in her own name, does not, by any means, divorce the mutual interest she and her husband have in each other's property. In case of the death of the one, the other would inherit not less than one-third of his or her estate. And it would be strange indeed if this alone did not lead them to do all in their power to enhance the pecuniary interests of each other. And where the wife purchases the property of her husband's cestui que trust, to say that the husband is not interested in that sale, and has not directly nor indirectly purchased the property of that estate, seems to us to be absurd. Besides, as well said in Tyler v. Sanborn, 128 Ill. 136, 21 N. E. 193, 4 L. R. A. 218, 15 Am. St. Rep. 97: 'There is, moreover, apart from this pecuniary interest, and intimacy of relation and affection between husband and wife, and of mutual influence of the one upon the other for their common welfare and happiness, that is absolutely inconsistent with the idea that the husband can occupy a disinterested position as between his wife and a stranger in a business transaction. He may, by reason of his great integrity, be just in such a transaction, but, unless his marital relations be perverted, he cannot feel disinterested; and it is precisely because of this feeling of interest that the law forbids that he shall act for himself in a transaction with his principal. It is believed to be within general observation and experience that he who 'will violate a trust for his own pecuniary profit will not hesitate to do it, under like circumstances, for the pecuniary profit of his wife.' And for that reason the law forbids a trustee to put himself in a position where either his integrity may be questioned, or his inclination to dishonesty may be indulged."

See, also, Brown v. Fischer, 77 Minn. 1, 79 N. W. 494; Re Estate of Sprain, 199 Minn. 511, 272 N. W. 779, 111 A. L. R. 1357; Allison v. Crummey, 64 Okla. 20, 166 P. 691; 24 C. J. 639.

We are of the opinion that the sale by this administrator to his wife was voidable and subject of being set aside in this action.

The judgment and order appealed from are reversed.

All the Judges concur.