STATE OF MINNESOTA *ex rel.* Frederick Lindekugel *vs.* PROBATE
COURT OF SIBLEY COUNTY.

January 12, 1885.

Probate Court—Estates of Decedents—Jurisdiction after Final Order.
   After a probate court has made an order for the sale of real property of
   an estate, and it has been accordingly sold, the sale confirmed by the
   court, and a deed executed to the purchaser as directed by the order of
   confirmation, and the administrator has been discharged, the matter is
   out of the jurisdiction of the probate court, and it cannot entertain an
   application to review and set aside the sale proceedings.

Application for a writ of prohibition to the probate court of Sibley
county.

*H. C. Eller,* for relator.

*S. & O. Kipp,* for respondent.

GILFILLAN, C. J.    December 6, 1879, the probate court of Sibley
county duly appointed Frederick Lindekugel, Sr., administrator of the
estate of Henry Dietz, deceased.    February 14, 1880, the court, on
the petition of the administrator, granted license to sell certain real
estate, of which the deceased died seized, for payment of debts of the
estate.    The sale was accordingly had, the real estate being sold to
one Sherbert, through whom this relator claims title.    The admin-
istrator made his report of sale, and May 8, 1880, the court entered
its order or decree confirming the sale.    May 19, 1880, the admin-
istrator, as directed by the order of confirmation, executed to the pur-
chaser a deed conveying the real estate pursuant to the foregoing
proceedings.    Afterwards the administrator filed his final account,
and March 25, 1882, the court entered its order auditing and allow-
ing the same, and discharging the administrator.    October 20, 1884,
the widow of deceased filed in the probate court her petition setting
forth certain facts showing, as claimed by her, that the sale was
fraudulent, illegal, and void, and praying that the license to sell and
the order confirming the sale be vacated.    An order for hearing on
said petition was thereupon made and served.    On the day appointed
by the order the relator appeared and objected to the jurisdiction of

the probate court to proceed in the matter. The court decided that it had jurisdiction and would proceed to a hearing. Hence this application for a writ of prohibition.

In the case of *State* v. *Probate Court of Ramsey Co.*, 19 Minn. 85, (117,) a case precisely similar to this, except, perhaps, in some of the facts alleged as grounds for vacating the license and order of confirmation, it was held that the authority of the probate court over the subject-matter of the sale of the real estate was exhausted when it had confirmed the sale; the court saying: "The land, as it were, has passed out of court, and its proceeds have taken its place." This must necessarily be the result so long as the order of confirmation stands. For that reason the jurisdiction of the probate court to hear a petition to vacate the order was denied by this court in that case.

It is urged, however, that power to vacate the order is given, or to be implied, from the sixth subdivision, Gen. St. 1878, c. 49, § 13, passed since the case referred to was decided. That subdivision gives an appeal from "an order vacating, or refusing to vacate, a previous order or judgment made or rendered, alleged to have been procured by fraud, misrepresentation, or though surprise or excusable inadvertence or neglect." *In re Gragg*, 32 Minn. 142, the subdivision was held to have the effect claimed with respect to an order allowing a claim against an estate, and *In re Hause*, Id. 155, with respect to an order upon an accounting by a guardian. But in neither of those cases had the subject-matter of the order passed out of the jurisdiction of the court; in neither of them were the rights in controversy such as that court has no power to try. And it could not be implied from the language of the subdivision that it was intended to confer on the court power to determine, under the guise of revising its own proceedings, rights not coming within its clear constitutional jurisdiction to decide.

The constitution, section 7, article 6, provides: "A probate court shall have jurisdiction over the estates of deceased persons and persons under guardianship, but no other jurisdiction except as prescribed by this constitution." This confers powers to take charge of, preserve, and distribute according to law the property of decedents, but not to determine, as between the representative of the estate and a third

person, the right to property claimed by each. The rights of third persons not interested in the distribution of the estate are not included in the jurisdiction. No one could suppose that the court might entertain an action by the representative to establish and enforce a debt claimed to be owing by a third person to the estate, nor to determine the right to property, real or personal. Resort must be had to some other tribunal for that purpose. Where sale proceedings have culminated in an order confirming the sale and directing a conveyance, and the execution of a deed accordingly, any contest as to the legal effect and validity of the proceedings, and as to the rights thereby acquired, must be between the purchaser, who in that character has no interest in the distribution of the estate, and the representative of the estate, or heirs or devisees. The question is, then, one not of administration, but of adverse claims to the property; a question which must be determined by some other tribunal than the probate court. The title acquired by the proceedings must be impeached, if at all, in such other tribunal. The want of jurisdiction in this case is still further emphasized by the fact that the administration has been closed by the allowance of the administrator's accounts and his discharge, and there is no attempt to reopen it. So long as it remains closed the probate court has no more jurisdiction over the estate, or the property belonging to it, or which once belonged to it, than if there had never been any administration and there was no attempt to institute one. The jurisdiction of the court has been fully exhausted, and it can do nothing further unless it is restored in the manner pointed out in the statute.

Let the writ of prohibition issue as prayed for.