PAUL MOUSSEAU vs. CHARLES D. MOUSSEAU and others.

March 11, 1889.

**Probate Court—Jurisdiction—Decedent's Contract to Convey Land.**
In the case of a person, bound by a contract in writing to convey real estate, dying before making a conveyance, the proper probate court, on the application of any person interested in causing it to be made, may, under Gen. St. 1878, c. 58, direct the administrator or executor to make it, but, if not satisfied that it ought to be made, it cannot decide against the applicant on the merits, but must dismiss the petition, leaving him to his ordinary remedy by action.

Appeal by plaintiff from a judgment of the district court for Hennepin county, *Baxter*, J., presiding, (acting for a judge of the 4th district,) dismissing his petition for specific performance, (theretofore presented to the probate court of that county,) and adjudging the judgment of the probate court (from which the defendants, heirs-at-law of Charles Mousseau, deceased, had appealed on questions of both law and fact) to be null and void.

*D. A. Secombe*, for appellant.

*Hart & Brewer*, for respondents.

GILFILLAN, C. J. In 1880, Charles Mousseau and Paul Mousseau entered into a written contract, whereby the former, in consideration of the covenants and agreements on the part of Paul therein set

forth, and of the payments by him to be made, agreed to sell to him a certain piece of real estate. Paul agreed to pay to Charles, during the full term of the natural life of the latter, $10 on the first day of each and every month, and to pay during said term all taxes and assessments on the real estate. It was stipulated that during his natural life Charles should retain full and complete possession and enjoyment of the premises; that in case of the death of Paul before that of Charles the contract should be void, and that it should also be void if any default should be made in any of the monthly payments, or upon failure to discharge the taxes or assessments. The contract contained this clause: "And the said party of the first part, [said Charles,] for himself, his heirs, administrators, and assigns, and the said party of the second part, [said Paul,] for himself alone, hereby mutually bind themselves to the fulfilment of all the foregoing covenants." Charles Mousseau died intestate, and an administrator of his estate was appointed. Thereafter Paul filed in the probate court his petition, setting forth the contract, and alleging performance by him of all its conditions by him to be performed, and praying a decree that the administrator be directed to convey the real estate to him. Upon a hearing before the probate court, after due notice to all parties interested, the decree as prayed for was made. The heirs thereupon appealed to the district court, which dismissed the petition, and annulled the decree. Thereupon the petitioner appeals to this court. The ground on which the district court dismissed the application seems to have been that the probate court had no jurisdiction of the proceedings.

While the contract contemplates that, its conditions being complied with, the absolute title to the land shall be vested in the vendee, it does not intend that it shall pass during the life of the vendor. That no time is stated when a conveyance shall be made; that full and complete possession of the premises is reserved to the vendor during his natural life; that the contract is to become void upon failure to pay the stipulated sums or taxes or assessments at any time during his life; and that the vendee could not have fully performed the conditions on his part during such life,—make the intention clear that the land should not be conveyed during such life. Of course it

was intended the land should be conveyed, for there could be no completed sale without a conveyance; and upon the termination, by the death of the vendor, of his reserved rights of possession and to avoid the contract, if the vendee have up to that time performed everything on his part to be done, he is entitled to a conveyance. At that time only the heirs or devisees can make it, unless the probate court may order it to be made by the executor or administrator.

Section 1, c. 58, Gen. St. 1878, provides: "When any person who is bound by a contract in writing to convey any real estate dies before making the conveyance, the probate court may make a decree authorizing and directing the executor or administrator to convey such real estate to the person entitled thereto, in all cases where such deceased person, if living, might be compelled to execute such conveyance." Section 2 provides that the court shall proceed on the presentation of a petition by any person interested in causing such conveyance to be made. Section 3 provides for a hearing. Section 4 provides that after a full hearing of the petition, and examination of the facts and circumstances of such claim, if the judge of probate is satisfied that a conveyance of the real estate should be made, he shall make a decree authorizing and directing the executor or administrator to make it; otherwise, he shall dismiss the petition.

The jurisdiction of probate courts is derived from the constitution, and cannot be enlarged or diminished by the legislature. Their jurisdiction over the estates of deceased persons is for the purpose of administering such estates, and includes all matters necessarily pertaining to the proper administration of them. What shall be done in the course and for the purpose of administering such estates is to some extent in the power of the legislature to prescribe. It may provide for some things which, though not necessary to administration, are appropriate to it; such as the partition of the real estate among heirs and devisees for the purpose of assigning it to them. Some things necessarily belong to administration, and the jurisdiction to do or cause to be done those things is beyond the power of the legislature to curtail; while other things are clearly foreign to administration, and jurisdiction over them cannot be conferred on the probate courts by the statute. Thus, to take charge of and preserve

the personal estate, to direct the payment of debts and legacies, and distribute the remainder of the personal estate among legatees and next of kin according to law, have always been regarded as, and are, necessarily matter of administration; and jurisdiction to determine who are creditors, legatees, and next of kin belongs appropriately to the court that controls administration. On the other hand, the determination of the rights of strangers to the estate, not interested in its administration, is clearly foreign to legitimate administration. "No one could suppose that the court [of probate] might entertain an action by the representative to establish and enforce a debt claimed to be owing by a third person to the estate, nor to determine the right to property, real or personal." *State* v. *Probate Court*, 33 Minn. 94, (22 N. W. Rep. 10.)' That case determined that after a sale, perfected by confirmation and conveyance, under a license from the court, it has no jurisdiction to determine a controversy between the purchaser and those interested in the estate as to the legal effect and validity of the sale. In *Hurley* v. *Hamilton*, 37 Minn. 160, (33 N. W. Rep. 912,) it was held that the court has no jurisdiction to make partition of the real estate after it has been assigned to those entitled to it. And in *Farnham* v. *Thompson*, 34 Minn. 330, (26 N. W. Rep. 9,) it was held that probate courts have no jurisdiction of a controversy between an heir or devisee and a third party claiming from him; that is, of a claim based, not on the will or law of descent, but on alleged transactions with the heir or devisee.

The probate courts have jurisdiction of the estates of deceased persons,—that is of the estate or interest of the deceased in the particular property; but they have no jurisdiction of the estates or interests of third persons in such property, and cannot determine what those estates or interests are, so as to bind such third person, for that would be exercising jurisdiction over the estates of such third persons. Thus, if a person claimed real estate under a conveyance from the deceased, the probate court could not determine the claim. That would have to be left to the district court. To ascertain whether the power given to probate courts by the statute to which we have referred is appropriate, and not foreign, to administration of the estates of deceased persons, we must ascertain precisely the extent of

such power.   As part of the inquiry, it is proper to refer to the stat-
ute on the subject as it existed at the adoption of the constitution.
That was contained in chapter 61 of the Revised Statutes of 1851.
Sections 1, 2, and 3 of that chapter were similar, except for some
unimportant differences in phraseology, to the same sections in chap-
ter 58, Gen. St. 1878.   Section 4 provided for a decree directing a
conveyance by the executor or administrator, if the judge of probate
should be satisfied that the petitioner was entitled to it; and sec-
tion 6, that, if he should doubt the right of the petitioner to have
specific performance of the contract, he should dismiss the petition,
"without prejudice to the rights of the petitioner, who may at any
time thereafter have a bill in chancery to enforce a specific perform-
ance of the contract, as hereinafter provided."   Subsequent sections
provided for a bill in chancery to enforce specific performance against
heirs, devisees, or the executor or administrator.   Inasmuch as the
court of chancery would have had jurisdiction of such a bill unless
taken away, and as the probate court could make no decision against
the petitioner that would conclude him upon the merits of his claim,
it was probably unnecessary to expressly reserve to him the right to
file such a bill.   The provisions were doubtless inserted for greater
certainty, and to avoid any question.   The statute carefully avoided
any attempt to bring third persons, not interested in the adminis-
tration, within the jurisdiction of the probate court.   No provision
was made to compel claimants under contracts to convey to come
before those courts to have their rights determined, nor for any ac-
tion of the courts affecting their rights if they did not come in; and,
in case they did voluntarily apply under the statute, it withheld
from the court the power to render any decision against them finally
determining the merits.   What the statute aimed to give was merely
a speedier remedy which they might, if they chose, resort to, in-
stead of to the ordinary remedy by bill in chancery, in cases where
there was no real controversy making their rights doubtful.   That
in a case of clear right to a conveyance the mere matter of direct-
ing and authorizing the executor or administrator to make it, so as
to bind the estate, was appropriate to control of administration, seems
to have been the theory of the statute.   And we do not see why it is

not. Suppose the claimant under a contract of the deceased to convey should, in the district court, in a suit against the heir or devisee, establish his right to a conveyance, could it be said that a power vested in the probate court to direct a conveyance, and so free the land from the claims of administration, is not appropriate to the control of administration? At any rate, such a power over the estates of deceased persons was inherent in the jurisdiction of probate courts at the time the constitution was adopted, and the people must be supposed to have had that in mind in adopting it.

The present statute is not, in its phraseology, so precise and definite, in some respects, as the Revised Statutes of 1851; but we think that in effect it is substantially the same. It makes no attempt to so provide that claimants under contracts by deceased to convey may, against their consent, be brought into the probate court to contest their rights, nor any making it incumbent on them to so apply in order to save and enforce such rights. It is still, as it was under the old statute, optional with a claimant to apply to the probate court, or to resort to the remedy by action. In case he applies to the probate court, the statute does not, as the old did not, contemplate that there may be in that court a final decree against him on the merits. A decision by that court adverse to him goes no further than holding that his case is not such as entitles him to that summary remedy— that is, by the action of the probate court. The court is not authorized to *deny* the petition, which would be a determination upon the merits, but only to *dismiss* it, which, although it might bar his right to apply again to that court, would have no other effect upon his cause of action, when presented in another court, than would a dismissal in the nature of a nonsuit in any action. Upon this interpretation of the statute, it is within the constitutional limit. To give a larger construction would make it attempt to confer on probate courts jurisdiction over the estates and rights of living persons.

The respondent argues that as the statute authorized the probate court to direct a conveyance only in cases where the deceased person, if living, might be compelled to execute it, and as in this case the deceased could not, if living, be compelled to execute it, the case is not within the statute. This is too literal a reading of the statute. The

v.40m—16

case is as much within the spirit of the statute as any. The contract could not be enforced during the life of deceased, simply because the condition on which the right to a conveyance depended could not be fulfilled. The right to a conveyance is now perfect; and certainly, if deceased were now living, with such right perfect, he could be compelled to convey.

Judgment reversed.

MITCHELL, J. I concur in the result arrived at in the opinion of the court, but not in all that is said regarding the construction of chapter 58, Gen. St. 1878; particularly, that its provisions are absolutely the same as those of chapter 61, Rev. St. 1851. By comparison of these two chapters, it will be observed that there is omitted from the former the provision contained in section 6 of the latter, that the dismissal of the petition is to be "without prejudice to the right of the petitioner, who may at any time thereafter have a bill in chancery to enforce specific performance, as hereinafter provided;" also the provisions of sections 7, 8, and 9, relating to such a bill. It will also be observed that, while section 5 of chapter 61 gives a right of appeal to the district court only from a *decree directing a conveyance*, the corresponding section of chapter 58 gives a right of appeal also from a *dismissal* of the petition. These changes in the statute are very significant. It would be rather anomalous that the petitioner should have a right to appeal from a dismissal of his petition if it was without prejudice to his cause of action. On such an appeal, what issues would the district court try? My view is that while the provisions of chapter 58 are merely permissive, and do not compel a party claiming a conveyance under contract of a person since deceased to go into the probate court to get it, yet if he voluntarily does so, and invokes its jurisdiction for that purpose, he is bound by its decision, and that its order dismissing his petition, like the dismissal of a bill in equity, will be a judgment upon the merits, conclusive unless reversed on appeal. I see no constitutional difficulty in the way of this construction of the statute. The question involved in such a case is one of those of which both courts may have, under certain circumstances, concurrent jurisdiction,—the dis-

trict court, as a court of equity, because falling under a well-recognized head of equity jurisdiction; the probate court, because, although not necessarily a matter of administration, yet appropriate to it for the purpose of disposing of the decedent's interest in the land, and freeing it from the claims of administration.   See *State* v. *Ueland*, 30 Minn. 277, (15 N. W. Rep. 245.)