## STATE EX REL. ADA FRANCES WILLIAMS AND OTHERS v. PROBATE COURT OF LYON COUNTY AND ANOTHER.[1]

June 14, 1918.

No. 20,929.

**Deed — delivery — finding sustained.**

1. The evidence sustains a finding of the probate court that a deed made by a decedent was not delivered.

**Probate court — jurisdiction over question of ownership of land for purpose of computing inheritance tax.**

2. The probate court has no general equitable or common law jurisdiction in the exercise of which it may determine contested claims or title to real property asserted by those claiming by will or descent

[1] Reported in 168 N. W. 14.

against strangers to the estate or asserted by strangers against those claiming through the estate; but in the exercise of its jurisdiction to ascertain and impose an inheritance tax upon real property belonging to the estate, but not inventoried therein, there being no adjudication or proceeding looking to an adjudication of ownership in a court of competent general jurisdiction, it may determine the fact of ownership in the decedent at the time of his death upon which fact the right to impose a tax rests.

Upon the relation of Ada Frances Williams and others the supreme court granted its writ of certiorari directed to the probate court of Lyon county and the Honorable J. V. Mathews, judge thereof, to review the proceedings in that court determining inheritance taxes upon the estate of James W. Williams, deceased. Affirmed.

*James Von Williams* and *Seward & Molle,* for relators.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for respondents.

DIBELL, C.

1. This is a writ of certiorari to the probate court of Lyon county to review its judgment determining inheritance taxes in the estate of James W. Williams, deceased. The relators are the widow and the children, two sons and a daughter, of the deceased and are beneficiaries under his will. The only question is whether certain lands, found to be of the value of $46,750, not inventoried, were a part of the decedent's estate and therefore subject to an inheritance tax. The probate court found that they were and imposed a tax.

The decedent died on January 31, 1917. On January 15, 1915, he signed and acknowledged a deed of these lands which purported to create a trust for his grandchildren then living or thereafter born. He and his two sons were the grantees and were charged with the carrying out of the trust. The probate court found that this deed was not delivered. If not delivered the lands were a part of the decedent's estate and subject to the inheritance tax.

Whether a deed is delivered is a question of intent and usually one of fact, and delivery may be evidenced by words alone or acts alone or by words and acts. Dunnell, Minn. Dig. & 1916 Supp. § 2664, et seq. The evidence upon the question of delivery is meager. The deed was not re-

corded. It was placed in a safe to which the decedent and one of his sons had access. This son did not see it again until after his father's death. It does not appear that the other son ever saw it. After it was acknowledged, and before it was put in the safe, and prior to the asserted delivery of it, red lines were drawn through certain portions of the description eliminating three quarter sections. The deceased continued to manage the lands, which consisted of three farms, as he had done theretofore. He leased them in his own name, insured the buildings in his own name, and marketed the crops, using them as he did lands which were concededly his. The grantees in the deed never met, never consulted about the conduct of the trust, and never kept accounts relative to it. The decedent kept an account in the name of "J. W. Williams as Trustee, in account with grandchildren." None of the lands involved were described in it nor does it definitely appear to what property it related. He credited himself with various expenditures and charged himself with the proceeds of crops. He also charged himself with $17,600, the proceeds of the sale of one quarter which was eliminated from the trust deed by the red lines. He was engaged in the land and loan business, knew business usages, and understood the necessity of delivery and the propriety of recording. Neither the notary who acknowledged and witnessed the deed, nor the other witness of it, testified. The evidence was not such as to require a finding that the decedent considered the deed an operative instrument. The finding of the court that there was no delivery and that the lands belonged to the decedent at the time of his death is sustained.

2. The relators contend that the probate court had no jurisdiction to determine the question of title.

The Constitution gives to the probate court "jurisdiction over the estates of deceased persons and persons under guardianship, but no other jurisdiction, except as prescribed by this Constitution." Const. art. 6, § 7. It has no general equity or common law jurisdiction such as is confided by the Constitution in the district court, but for the purpose of the administration of estates of deceased persons it has complete and exclusive jurisdiction which within the limitations of the Constitution is superior and general. Dunnell, Minn. Dig. & 1916 Supp. §§ 7770-7779; Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; State v. Probate

Court of Ramsey County, 103 Minn. 325, 115 N. W. 173; Wellner v. Eckstein, 105 Minn. 444, 117 N. W. 830; Brown v. Strom, 113 Minn. 1, 129 N. W. 136; Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455.

The attorney general proceeded in the probate court to subject the lands described in the trust deed to an inheritance tax as omitted property pursuant to G. S. 1913, § 2290. That the ascertainment of the inheritance tax is constitutionally committed to the probate court is not open to question. State v. Probate Court of Hennepin County, 112 Minn. 279, 128 N. W. 18. In ascertaining the tax it incidentally finds the ownership of property in the decedent at his death, for without such ownership there can be no tax. Upon principle it is not open to serious question that it has jurisdiction to do so. See Kleeberg v. Schrader, 69 Minn. 136, 72 N. W. 59; State v. Probate Court of Hennepin County, 112 Minn. 279, 128 N. W. 18; Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455. It is of course true that the probate court has no independent jurisdiction of contested claims or title to real property asserted by those claiming by will or descent against strangers to the estate or asserted by such strangers against those claiming by will or descent. Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L.R.A. 1916D, 421, and cases cited. Such jurisdiction resides in the district court. In the trust deed before us there are those interested who are not so far as appears interested in the probate proceeding and over whom the probate court has no jurisdiction. We are not concerned with them. The rights arising under the trust deed not having been adjudicated in a court of competent general jurisdiction, there being no judgment binding the estate or those taking through the decedent, and no action pending looking to an adjudication of them, the probate court, in the exercise of its jurisdiction to determine and impose inheritance taxes, has jurisdiction to make the necessary though incidental determination of ownership.

We are not to be understood as holding that the probate court could with propriety proceed to the determination of the fact of ownership if an appropriate action with proper parties, involving the effect and validity of the deed, were pending in the district court, nor that it could find the fact of ownership contrary to a judgment of the district court, nor that the state, in asserting a tax, would not be bound by such judgment though

it were not a party. Such questions are not before us. We have only the narrow question stated.

Whether the deed, if delivered, created a valid trust is not of present interest.

Judgment affirmed.