FRANK A. WILSON, BY PETER MITCHELL, HIS GUARDIAN AD LITEM v. H. S. ERICKSON AND OTHERS.[1]

December 3, 1920.

No. 21,956.

**Accounting over fraudulent guardian's sale — jurisdiction of district court.**

> The district court has jurisdiction of an action brought by a ward against his guardian and those to whom the guardian sold the ward's property under license of the probate court, the complaint alleging that the sale was fraudulently made, and that the guardian along with other defendants fraudulently acting with him had an interest in the purchase. That the ward might have relief in the pending guardianship proceeding upon the accounting of his guardian does not deprive the district court of jurisdiction.

Action in the district court for Becker county to cancel a deed and mortgage to defendant M. Johnson and to have the sale of the premises to defendant Kivell inure to the benefit of plaintiff and his estate. Defendants' demurrer to the complaint on the grounds that the court had no jurisdiction over the subject of the action and that the facts stated did not constitute a cause of action was sustained, Roeser, J., and the case certified to the supreme court. From the order sustaining the demurrer, plaintiff appealed. Reversed.

*P. F. Schroeder,* for appellant.

*Johnston & Carman,* for respondents.

DIBELL, J.

The demurrer of the defendants to the complaint was sustained and

[1]Reported in 180 N. W. 93.

the plaintiff appeals. The only question necessary to discuss is whether the district court had jurisdiction of the cause of action.

The case made by the complaint is this: The defendant Erickson is the probate guardian of the plaintiff Wilson, an incompetent, who brings suit by his guardian ad litem. Under license of the probate court he sold to the defendant Johnson land belonging to Wilson for $10,000, receiving $1,000 cash and a 6-per-cent purchase-money mortgage for 10 years for $9,000. It was then sold to the defendant Murphy who entered into a contract with the defendant Kivell to sell for $15,000 and received $500 cash. The claim of the plaintiff, sufficiently alleged, is that Johnson was only a figurehead, that the sale was made with the intention of passing the title to Kivell, and that Erickson and Murphy fraudulently worked together to accomplish that purpose and to obtain a profit. What the plaintiff wants is that the advantage of the sale to Kivell be given to Erickson, as guardian, that Murphy be adjudged to have no interest, and that he be required to pay over the money received on account of the sale. No claim of wrongdoing is made against Kivell. It is noted that the complaint does not definitely allege a sale by Johnson to Murphy, but the brief of respondents states the fact to be so and the case is argued by all parties upon that assumption.

On this state of facts the defendants, in support of the order sustaining their demurrer, contend that jurisdiction is wholly in the probate court.

Original jurisdiction of the administration proceeding, and of matters necessarily incident thereto, is exclusive and complete in the probate court. State v. Ueland, 30 Minn. 277, 15 N. W. 245; State v. Probate Court of Sibley County, 33 Minn. 94, 22 N. W. 10; Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977; Appleby v. Watkins, 95 Minn. 455, 104 N. W. 301, 5 Ann. Cas. 471; Brown v. Strom, 113 Minn. 1, 129 N. W. 136; Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871. In administering the estate it applies equitable principles and exercises equitable powers. Fiske v. Lawton, 124 Minn. 85, 144 N. W. 435; Brown v. Strom, 113 Minn. 1, 129 N. W. 136; State v. Probate Court of Hennepin County, 133 Minn. 124, 155 N. W. 906, 158 N. W. 234. It has no independent jurisdiction in equity or at law over controversies between the representatives of the estate, or those claiming under it, with strangers

claiming adversely, nor of collateral actions. Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L.R.A. 1916D, 421, and cases cited; Haataja v. Saarenpaa, 118 Minn. 255, 136 N. W. 871; State v. Probate Court of Ramsey County, 103 Minn. 325, 115 N. W. 173; State v. Probate Court of Lyon County, 140 Minn. 342, 168 N. W. 14.

The probate code provides that no representative making a sale shall directly or indirectly purchase or be interested in the sale and if so the sale shall be void. G. S. 1913, § 7359. Whether the order confirming the sale could be set aside we need not inquire. State v. Probate Court of Sibley County, 33 Minn. 94, 22 N. W. 10. That the probate court might charge the guardian upon his accounting seems clear, and it is not claimed that he is insolvent. Turner v. Fryberger, 94 Minn. 433, 103 N. W. 217, 110 Am. St. 375. And an action to set aside the sale might be brought by those interested. Brown v. Fischer, 77 Minn. 1, 79 N. W. 494; Cain v. McGeenty, 41 Minn. 194, 42 N. W. 933; White v. Iselin, 26 Minn. 487, 5 N. W. 359.

While the probate court can charge the guardian in the probate proceeding, it cannot reach Murphy, and appropriate the interest in his name to the guardian, or require him to pay the amount received from Kivell, nor can it bind Kivell by its decree. To get the complete relief asked Erickson and Murphy and Johnson and Kivell must be parties to a decree in equity which will bind and protect all. The district court has jurisdiction of such an action. What form appropriate relief may take is not important.

Something is said in the brief of respondents about a prior hearing and a determination in the probate court. Nothing of the kind is before us. If such a proceeding was had, and if it is of consequence, it is a matter for answer.

Order reversed.