ANTON WINDELIN AND J. E. LUNDRIGAN, RESPONDENTS
v. WILLIAM KIRCHHOF AND OTHERS.
WILLIAM KIRCHHOF, APPELLANT.[1]

December 2, 1921.

No. 22,473.

**Judgment of dismissal not subject to collateral attack, when.**

1. A judgment, though in the form of a dismissal of the action, if based upon findings of fact disposing of the issues presented by the pleadings on the merits, is res judicata and not subject to collateral attack in subsequent litigation between the parties or their privies involving the same questions.

**No error.**

2. The record presents no error.

[1]Reported in 185 N. W. 386.

Action in the municipal court of the village of Cass Lake in forcible entry and detainer. Defendant answered, alleging ownership and possession of the property in dispute, and moved the judge of the municipal court to certify the case to the district court. The motion was denied and judgment for restitution of the property ordered. From that order, defendant appealed to the district court for Cass county where the appeal was heard by Stanton, J., who made findings and ordered judgment in favor of plaintiffs. From the judgment entered pursuant to the order for judgment, William Kirchhof appealed. Affirmed.

*P. J. Russell,* for appellant.

*J. E. Lundrigan,* for respondents.

BROWN, C. J.

Proceedings in forcible entry and detainer in which plaintiffs had judgment and defendant Kirchhof appealed.

The facts are not in dispute. Defendant Kirchhof was the former owner of the property in question, consisting of a lot with building thereon situated in the village of Cass Lake, and had actual possession thereof as such owner for many years. The property was levied upon and sold by the sheriff of the county under an execution issued out of the district court upon a judgment therein against him for the sum of $311.16, the sale taking place on March 16, 1918. There was no redemption from the sale, and plaintiffs hold the title thus acquired. A short time after the sale and on March 29, 1918, defendant brought an action in the district court of Cass county, wherein the property is situated, to set aside and discharge from the record the execution and sale proceedings on various grounds not here necessary to state. Issue was joined therein, and in due course of procedure the cause was tried and resulted in judgment affirming plaintiffs' title to the property. No further proceedings were subsequently had in that action, and the judgment rendered therein on November 26, 1919, became final and beyond attack after the expiration of the time to appeal, which expired on May 26, 1920. Thereafter this proceeding was commenced to gain possession of the property. The sole defense interposed by defendant was a repetition of the

matters and things alleged and set forth in the action brought by him to set the sale proceedings aside, which action was determined adversely to him as just stated. He offered to prove those facts on the trial of this proceeding, but the evidence was excluded on the ground that the former judgment was res judicata thereof.

The only assignment of error requiring mention challenges the ruling of the trial court in holding the prior judgment res judicata. The order striking out parts of defendant's answer alleging the invalidity of the execution and proceedings thereunder, and the ruling rejecting evidence tendered in support thereof, are each necessarily embraced in the final ruling of res judicata, and require no further comment.

On the facts presented, as here outlined, the ruling of the learned trial court was correct. That the former judgment is a bar to further litigation of issues there determined is settled law in this state and elsewhere. 2 Dunnell, Minn. Dig. § 5163, and citations. While this judgment was in the form of a dismissal of the action, it was rendered pursuant to an order of the court and upon findings of fact negativing all claims made by defendant on their merits. It was therefore a final adjudication of the issues presented in this action. Boom v. St. Paul F. & Mnfg. Co. 33 Minn. 253, 22 N. W. 538; Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344, 1 Am. St. 624.

This disposes of the case, and all points requiring mention. The record presents no error and the judgment appealed from is therefore affirmed.