# FRANK A. WILSON, BY PETER MITCHELL HIS GUARDIAN AD LITEM v. H. S. ERICKSON AND OTHERS.[1]

June 16, 1922.

No. 22,790.

**Probate court may compel guardian to account for profits realized from resale of ward's realty.**

1. The probate court has jurisdiction to determine whether a guardian who sold his ward's real estate under license from the court made the sale to a figurehead for the purpose of profiting by a resale to the actual purchaser at an increased price, and, if it finds that the sale was so made, has power to compel the guardian to account for the full proceeds of such resale.

**Dismissal on the merits in probate court bar to action in district court.**

2. Where such a claim has been presented to the probate court and litigated therein and dismissed on the merits, the judgment bars a subsequent suit in the district court on the same cause of action.

[1] Reported in 188 N. W. 994.

**When such dismissal is bar to action against other defendants.**

3. As the claim against the defendants other than the guardian is based on the alleged wrongdoing of the guardian, and the judgment of the probate court conclusively established that he was free from wrongdoing, this action cannot be maintained against the other defendants, although they were not parties to the litigation in the probate court.

Action in the district court for Becker county. The substance of the complaint is given in the second paragraph of the opinion. The motion of defendants Murphy, Johnson and Kivell for judgment on the pleadings was granted by Parsons, J., who dismissed the action. From the judgments entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*P. F. Schroeder* and *M. J. Daly*, for appellant.

*Johnston & Carman*, for respondents.

TAYLOR, C.

On a prior appeal an order sustaining a demurrer to the complaint was reversed. Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93. The nature of the action is stated in that opinion. The defendant Erickson as guardian of the plaintiff, an incompetent, sold certain land of the plaintiff to defendant Johnson for the sum of $10,000, pursuant to a license issued to him by the probate court. The sale was confirmed by the court and the usual guardian's deed was executed conveying the land to the purchaser. Although the record fails to show any conveyance from Johnson to defendant Murphy, all parties seem to concede that the title passed to him. Murphy thereafter sold the land to defendant Kivell for the sum of $15,900 under an executory contract for a deed, by the terms of which Kivell paid $500 in cash and agreed to pay the remainder of the purchase price in instalments as provided therein.

The complaint alleges in substance that Erickson in fact sold the land to Kivell, and that the sale to Johnson and from Johnson to Murphy and from Murphy to Kivell was merely a device to enable Erickson and Murphy to obtain a profit out of the transaction. There is no claim of wrongdoing on the part of Kivell. The relief asked is that plaintiff have the benefit of the contract with Kivell; that Mur-

phy be required to pay over all money received by him to Erickson as plaintiff's guardian; that Kivell be required to make all future payments to Erickson as such guardian; that Erickson be required to report to the probate court that he sold the land to Kivell for $15,-900; and that the sale as so reported be confirmed by the probate court.

When the case was remanded the defendants interposed separate answers, but all to the same effect. These answers denied all the charges of fraud, and, as an affirmative defense, set forth in full certain proceedings theretofore had in the probate court. It appears therefrom that plaintiff filed a petition in the probate court setting forth the essential facts alleged in the present complaint and claiming that Erickson made the sale to Kivell, either directly or by conniving with others, and asking that he be required to make a due and accurate report of such sale and to account for the proceeds thereof, that his previous report of the sale and the order confirming it be set aside, and for such other and further relief as should be just and equitable. It further appears that pursuant to an order of the probate court issued upon this petition a hearing was duly had at which the parties appeared in person and by attorney and submitted their evidence to that court, and that from the evidence so submitted the court found in substance that none of the charges against Erickson had been sustained, and dismissed the proceeding for that reason. The answers further alleged that no appeal was taken from the judgment of the probate court and that the time to appeal therefrom had expired. In his reply plaintiff admitted that the answers correctly set forth the proceedings had in the probate court, and that the time to appeal from that court had expired.

After the service of the reply, defendant Erickson made a motion for judgment on the pleadings which was granted on the ground that the judgment of the probate court barred plaintiff from maintaining the present action. The other defendants also made a motion for judgment on the pleadings which was granted on the ground that as no cause of action existed against Erickson no cause of action existed against them. Plaintiff appealed from these judgments.

Plaintiff contends that the proceedings instituted in the probate court were not within the jurisdiction of that court and were of no effect. That the probate court had jurisdiction to entertain the proceedings and power to charge Erickson with the full proceeds of the sale to Kivell, if the facts alleged in the petition had been established, we think is beyond question. Levi v. Longini, 82 Minn. 324, 84 N. W. 1017, 86 N. W. 333; Jacobs v. Fouse, 23 Minn. 51; Cox v. Manvel, 56 Minn. 358, 57 N. W. 1062; Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93.

Plaintiff based the claim which he asserted against defendant Erickson in the probate court on the same facts on which he bases his claim in the present action. He asserted the same right there which he asserts here. The issues presented in the probate court were litigated and determined on the merits, and the judgment rendered by that court conclusively established that plaintiff has no cause of action against Erickson growing out of the matters there litigated, and bars plaintiff from again asserting the same claim against Erickson. Whitcomb v. Hardy, 68 Minn. 265, 71 N. W. 263; Hardin v. Palmerlee, 28 Minn. 450, 10 N. W. 773; Thomas v. Joslin, 36 Minn. 1, 29 N. W. 344, 1 Am. St. 624; Hatch v. Coddington, 32 Minn. 92, 19 N. W. 393; O'Brien v. Manwaring, 79 Minn. 86, 81 N. W. 746, 79 Am. St. 426; Tillinghast v. United States S. & L. Co. 99 Minn. 62, 108 N. W. 472; Windelin v. Kirchhof, 150 Minn. 413, 185 N. W. 386.

Plaintiff urges that the defendants other than Erickson were not parties to the probate proceedings, and are not bound by the judgment of the probate court, and therefore cannot invoke that judgment as an estoppel. This is the general rule. But the matters determined by that judgment are res judicata as between plaintiff and Erickson; and as plaintiff predicates his cause of action on the alleged wrongdoing of Erickson, and the judgment conclusively determines that Erickson was free from wrongdoing, plaintiff has no cause of action against any of the defendants. Under such circumstances the judgment bars plaintiff from prosecuting another action against the other alleged tort-feasors. Williams v. McGrade, 13 Minn. 39,

(46); 1 Notes on Minnesota Reports 486; 15 R. C. L. 956, § 432, and citations.

The conclusion reached by the learned trial court was correct, and the judgments are affirmed.