# MINNESOTA ODD FELLOWS HOME v. NINA H. POGUE, AS EXECUTRIX OF ESTATE OF MARY INGHAM.[1]

December 2, 1955.

No. 36,631.

[1]Reported in 73 N. W. (2d) 615.

540

*William W. Pye,* for appellant.

*Everett L. Peterson, Roland J. Faricy, William A. Bierman,* and *Faricy, Moore & Costello,* for respondent.

MATSON, JUSTICE.

Appeal from a district court judgment adjudging plaintiff to be the owner of the net proceeds of the estate of Mary Ingham and further adjudging that the defendant, in her capacity as executrix of said estate, holds said property in trust for the plaintiff.

Edwin Ingham, a member of the Independent Order of Odd Fellows, and his wife, Mary Ingham, a member of the Auxiliary of that order, each made written application on March 26, 1948, for admission to the Minnesota Odd Fellows Home, the corporate plaintiff herein. Each application contained a provision wherein the applicant, in consideration of being admitted to the home, stated:

"* * * I * * * do hereby assign and convey any property, or rights, to property which now is or may come into my possession, unless otherwise specifically stated in a separate agreement and made a part of this application."

Their applications were accepted and approved and they became residents of the home. Pursuant to such acceptance the home agreed to support and maintain the applicants for life. A supplemental agreement was executed which gave the applicants, if they so desired, for a period of one year, the right to rescind the contracts and receive a return of their property. They were then each 75 years old. Edwin was afflicted with palsy. Mary as a result of a stroke had great difficulty in talking and she was also hard of hearing. At the time of their admission they owned a homestead consisting of an acre of land, a dwelling house, and certain small buildings.

Pursuant to the above contracts Edwin and Mary conveyed their homestead and assigned their insurance policies to the plaintiff.

On July 29, 1948, a brother of Edwin died and bequeathed to him a farm and certain cash money. After the probate of the brother's estate Edwin sold the farm. On January 7, 1950, Edwin died. Pursuant to his will made in 1927 his entire estate was on June 26, 1950, decreed to his wife, Mary. She died the following December, and by the terms of her will dated August 23, 1950, she bequeathed (in disregard of her contractual arrangements with the plaintiff) her entire estate, consisting wholly of personal property, to relatives and other legatees. Her will was admitted to probate. Just prior to the hearing on the final account, this action was brought against the defendant as an individual and also against her in her capacity as the representative of decedent's estate to adjudge plaintiff to be the owner of the assets of the estate. The assets collected in behalf of the estate amounted to $10,804.88 and of this net sum $9,630.64 remained after paying the expenses of administration.

Plaintiff had not at any time, in the probate of any of the three estates, asserted or made known that it had any claim to the property. Plaintiff, however, did not receive notice from the representative of any of the hearings in the probate of either Edwin's or Mary's estate. Defendant, prior to this action, had no knowledge that plaintiff had any claim to the estate property.

We have these basic questions:

(1) Is a claim by a third party to all or a part of the assets in the hands of the representative of a decedent's estate a claim which is provable within the meaning of the claims statute (M. S. A. 525.411)?

(2) If an administrator takes possession of property as that of the decedent which in fact belongs to a third person, will an action by the true owner lie against such executor-administrator in his representative capacity?

The evidence sustains the trial court's findings that the decedent was a competent person when her application for admission to plaintiff's home was delivered and accepted and that she was fairly and honestly dealt with at all times. Plaintiff supported and maintained her as long as she lived.

542

■ . Defendant asserts, however, that the district court was without jurisdiction to entertain this action on the theory that the probate court has exclusive jurisdiction by virtue of the following statutes:

§ 525.411. "All claims against a decedent arising upon contract, whether due or not due, shall be barred forever unless filed in court within the time limited. * * *"

§ 525.431. "No action at law shall lie against a representative for the recovery of money upon any claim required to be filed by section 525.411. * * *"

Despite the wording of § 525.431 it has been consistently held by this court that, while the original jurisdiction of administration proceedings, and of matters necessarily incident thereto, is exclusive and complete in the probate court, and while said court applies equitable principles and exercises equitable powers, it nevertheless possesses no independent jurisdiction in equity or at law over controversies between the representatives of the estate—or those claiming under it—with strangers claiming adversely, nor of collateral actions.[2] It is well established that the probate court has no general equitable or common-law jurisdiction to determine a contested claim or title to real estate[3] (whether arising out of a contract or not) between the representatives, devisees, or heirs on the one hand, and strangers to the administration proceedings on the other.[4] Not all classes of claims are subject to the exclusive jurisdiction of the pro-

[2]State ex rel. Nelson v. Probate Court, 199 Minn. 297, 271 N. W. 879; Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93; Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583.

[3]Caveat—We do not here determine to what extent the jurisdiction of the probate court may be enlarged by a two-thirds vote of the legislature under the 1954 amendment to Minn. Const. art. 6, § 7.

[4]Merchants & Farmers State Bank v. Olson, 189 Minn. 528, 250 N. W. 366, 89 A. L. R. 1289; State ex rel. Williams v. Probate Court, 140 Minn. 342, 168 N. W. 14; Odenbreit v. Utheim, 131 Minn. 56, 154 N. W. 741, L. R. A. 1916D, 421; O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914; see, State ex rel. Lindekugel v. Probate Court, 33 Minn. 94, 22 N. W. 10.

bate court.[5] Clearly, a claim by a third party to all or to a part of the assets in the hands of the representative is not a claim against the estate as such but is a claim to specific property and does not constitute a claim within the meaning of §§ 525.411 and 525.431.[6] It follows that plaintiff herein has not a provable claim under these statutes. It does not claim damages for breach of contract but claims the property itself and as such the adjudication of its claim falls within the general jurisdiction of the district court.[7]

We reject the contention that defendant-executrix is not a proper party. An action lies against a representative on any claim or cause of action against the decedent which survives[8] and which cannot be proved and allowed against his estate in the probate court; otherwise, if it can be so proved and allowed.[9] Defendant, however, takes the position that, if an administrator takes possession of property, as that of the decedent, which in fact belongs to a third person, he will be liable only personally, because, if the property did not belong to the decedent at the time of his death, it cannot be held by anyone as his administrator. In 25 Minn. L. Rev. 648, 649, we have the following query and answer:

"* * * Is the estate composed of that property to which the representative lays claim, or is it only that part to which he has actually acquired title? It appears that the latter is the better view."

[5]State ex rel. Union Nat. Bank v. Probate Court, 103 Minn. 325, 115 N. W. 173; O'Brien v. Lien, 160 Minn. 276, 199 N. W. 914.

[6]Order of St. Benedict v. Steinhauser (C. C. D. Minn.) 179 F. 137; Knutsen v. Krook, 111 Minn. 352, 127 N. W. 11, 20 Ann. Cas. 852; Patton, Minnesota Probate Law and Practice, § 316; see, 21 Am. Jur., Executors and Administrators, § 920.

[7]For a substantially similar factual situation, see Order of St. Benedict v. Steinhauser (C. C. D. Minn.) 179 F. 137. On grounds not involved herein, this decision was appealed to the circuit court and the United States Supreme Court. See, Steinhauser v. Order of St. Benedict (8 Cir.) 194 F. 289; Order of St. Benedict v. Steinhauser, 234 U. S. 640, 34 S. Ct. 932, 58 L. ed. 1512, 52 L.R.A.(N.S.) 459, Ann. Cas. 1917A, 463.

[8]§ 573.01; see, §§ 525.411, 525.431.

[9]Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583; 7 Dunnell, Dig. (3 ed.) § 3669; Mason's Dunnell, Minn. Probate Law (2 ed.) § 1123; see, 21 Am. Jur., Executors and Administrators, §§ 920, 923.

The foregoing view is held by many courts and is undoubtedly sound as a matter of strict legalistic logic. The law, however, ceases to be an effective and adaptable instrument for the administration of justice if undue emphasis is placed upon the preservation of its outward symmetry in disregard of its functional purpose. A legal conclusion which is sound for one purpose may be unrealistic and unduly technical when applied to a different though related purpose. Since the code abolished separate courts of chancery and made relief available in both equity and law in a single action, the courts of this jurisdiction have, however, been free to supplement rigid and inadequate legal remedies by applying equitable principles to accomplish justice according to the facts of the particular case.[10] In equity, relief may be granted against an executor in his representative capacity on the basis of an estoppel in pais. The better rule, and we adopt it, is that where an executor or administrator, in his representative capacity as successor to and conservator of the interests of the decedent, takes possession of the property of another and wrongfully treats it as assets of the decedent's estate he is estopped in his representative capacity to deny his liability to the true owner, and consequently the court may grant relief against him in his representative capacity[11] or against him as an individual.

[10]See, Swogger v. Taylor, 243 Minn. 458, 68 N. W. (2d) 376.

[11]Estate of Christopher, 235 Wis. 616, 293 N. W. 921; see, De Valengin's Administrators v. Duffy, 39 U. S. (14 Pet.) 282, 10 L. ed. 457; Order of St. Benedict v. Steinhauser (C. C. D. Minn.) 179 F. 137; Dunham v. Fitch, 48 App. Div. 321, 62 N. Y. S. 905; Crawford v. Nassoy, 55 App. Div. 433, 67 N. Y. S. 108; Moran v. Morrill, 78 App. Div. 440, 80 N. Y. S. 120, affirmed, 177 N. Y. 563, 69 N. E. 1127; Simpson v. Snyder, 54 Iowa 557, 6 N. W. 730; Dodge v. Mills, 150 Mich. 394, 113 N. W. 1123; Conger v. Atwood, 28 Ohio St. 134, 22 Am. R. 362; Boyle v. Knauss, 81 N. J. L. 330, 79 A. 1025; Collins v. Denny Clay Co. 41 Wash. 136, 145, 82 P. 1012, 1015; Rennie v. Washington Trust Co. 140 Wash. 472, 249 P. 992; Newcomb v. Burbank (C. C. S. D. N. Y.) 146 F. 400; Silsby v. Wickersham, 171 Mo. App. 128, 155 S. W. 1094; Grimes v. Barndollar, 58 Colo. 421, 148 P. 256; Hill v. Escort, 38 Tex. Civ. App. 487, 86 S. W. 367; Robbins' Admr. v. Walters, 2 Tex. 130, 137; Mason's Dunnell, Minn. Probate Law (2 ed.) §§ 765, 1124; 34 C. J. S., Executors and Administrators, § 713.

In the instant case defendant asserted no claim to the property in any other than her representative capacity. The trial court, in awarding judgment against the defendant in her representative capacity, not only did not err but adopted an equitable remedy sufficiently flexible to accomplish justice according to the peculiar circumstances of the individual case.

The plaintiff waived any claim to the cash assets held by defendant-executrix over and above the net proceeds left after the payment of administration expenses. Judgment was entered only for the net proceeds. Although it is difficult to understand how the plaintiff could fail to acquire knowledge of the property acquired by Edwin and Mary after they entered plaintiff's home, and further why plaintiff did not assert its claim to the property at a much earlier date, we can find, upon the record herein, no basis for an estoppel as a bar to the recognition of plaintiff's interest in the property as the true owner. If the defendant-executrix had succeeded in establishing that the property belonged to the estate, no doubt she would have been awarded out of the estate a reasonable sum for attorney's fees. She did not succeed, however, and we now find no basis for awarding her attorney's fees out of plaintiff's property.

The trial court did not err in adjudging that defendant-executrix held the property as a constructive trustee for the benefit of the plaintiff. The evidence reasonably sustains the findings of the court and these findings, in the light of the principles set forth in Knox v. Knox, 222 Minn. 477, 25 N. W. (2d) 225, fully support the court's conclusions of law that defendant-executrix holds the property as a constructive trustee.

The judgment of the trial court is affirmed.

Affirmed.