In re The **GUARDIANSHIP OF**
Everett **STEINHAUS.**

No. C7–83–1807.

Court of Appeals of Minnesota.

June 19, 1984.

Kenneth J. Kludt, Kludt & Parise, Ltd., Moorhead, for respondent.

Galen J. Vaa, Gjevre, McLarnan, Hannaher, Skatvold & McLarnan, Moorhead, for appellant.

Considered and decided by POPOVICH, C.J., and FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order approving the prior sale of real estate of the ward, Everett Steinhaus, to the appellant-intervenors, the Breitenfeldts. The Breitenfeldts claim that the order was barred by a previous order of disapproval, that the court should not have reformed the contract to comply with Minn.Stat. § 525.642, and that the contract was void *ab initio* for failure to comply with the statute. We reverse.

## FACTS

Everett Steinhaus had a business in Perham, the Perham Steel Company, which bought and sold steel and leased or sold oxygen and acetylene tanks for welding. After a bout with illness, Steinhaus decided to sell the business, listing the property with a local realtor in October, 1979. Shortly thereafter, on the advice of his doctor, he had his attorney set up a guardianship for himself.

The Breitenfeldts began negotiations in late 1979 to buy the steel business. They signed a Purchase Agreement on February 29, 1980, with both Steinhaus and his newly-appointed guardian signing as sellers. The Breitenfeldts were aware that Steinhaus was under a guardianship. Both the purchase agreement and the contract for deed set payments over a 15-year period.

The court which heard the first petition for approval to sell the real estate ex·

pressed concern that the 15-year payment period exceeded the statutory limit. He neither approved nor formally disapproved the sale, instead adjourning the hearing for settlement discussions among the parties present, including the Breitenfeldts.

No agreement was reached. The Breitenfeldts, who remained in possession of the property, operating the business, obtained no satisfaction for their claim that steel and tanks were both short of the quantities represented. They began making payments on the contract for deed into a trust fund established by their attorney.

The successor guardian brought an action against them in district court, seeking reformation of the contract for deed to conform to the statute, payments due on the contract, and other relief. The Breitenfeldts answered claiming that the contract for deed was void *ab initio*, and counterclaiming for payment of the shortages, and other items.

An evidentiary hearing was held in the district court action on May 5, 1982. Testimony was taken from the parties involved in the closing and related negotiations. The court stayed all proceedings in the action pending a renewed petition in probate court for approval of the sale, to be submitted by the attorney for the first guardian. The Breitenfeldts' attorney, however, wrote to the first-petitioned court, informing it of the agreement reached in the district court action for a renewed petition, but then suggesting that a renewed petition was not necessary and that he should decide the issue. The court issued an order disapproving the sale.

The successor guardian later filed a third Petition to Sell Real Estate. This petition was supported by two appraisals which showed the market value of the real property to be about one-half the purchase price allocated to the real estate in the contract for deed.· At a hearing on the petition, the guardian argued that the contract for deed could be interpreted (or reformed) so as to conform to the statute since, by the terms of the payment schedule, the $75,000 amount allocated to the real estate would

be paid prior to the ten-year limitation. The trial court agreed and approved the contract, as interpreted.

The Breitenfeldts moved to intervene, and to obtain relief from the order. The motion to intervene was granted, but the court declined to revoke or modify its order approving the sale. This appeal followed.

## ISSUE

Did the probate court have jurisdiction to reform the contract between the guardian and appellants so as to make it comply with Minn.Stat. § 525.642?

## ANALYSIS

 The third petition asked the court to approve the contract based on a suggested interpretation which would conform it to the statute. However, the contract provision for a 15-year period for payment is unambiguous, leaving no room for interpretation or construction. *Telex Corp. v. Data Products Corp.*, 271 Minn. 288, 135 N.W.2d 681 (1965). A contract may be reformed based on a mutual mistake of the parties. The probate court, however, has no jurisdiction to reform a contract between a guardian and third parties.

The probate court has no "independent jurisdiction in equity or at law over controversies between the representatives of the estate, or those claiming under it, with strangers claiming adversely ...." *Leslie v. Minneapolis Soc. of Fine Arts*, 259 N.W.2d 898, 903 (Minn.1977). Reformation of a contract for deed involves the rights of third parties who do not have a right to notice in the sale approval proceeding. Minn.Stat. §§ 525.64, 525.83.

In a case in which the guardian was alleged to have had a conflict of interest in the sale of his ward's real property, the probate court was held to have jurisdiction to determine the facts and compel an accounting by the guardian. *Wilson v. Erickson*, 152 Minn. 364, 188 N.W. 994 (1922). The probate court, however, was held to have no jurisdiction to reach the proceeds obtained by a third party, nor to bind a bona fide purchaser of the property by its decree. *Wilson v. Erickson*, 147 Minn. 260, 180 N.W. 93 (1920).

The guardian's action in district court, which seeks a reformation of the contract for deed, among other relief, is the proper forum to determine that issue.

It is not necessary to reach the other issues raised by appellant. The fifteen-year contract has been disapproved not only by the court acting on the first petition, but also, by implication, by the order appealed from, which approved the contract only by reforming it to a ten-year period. The district court may determine that the contract can be reformed. In that event, the probate court could hear a petition to approve the contract as reformed, despite the earlier order of disapproval, since an entirely different contract, complying with Minn.Stat. § 525.642, would be presented.

## DECISION

The probate court had no jurisdiction to reform the contract, which is an issue to be determined in the district court action.

Reversed.